12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack MCLAURIN, Plaintiff-Appellant,
v.
Gerald HOFBAUER; John Jabe, Defendants-Appellees.
 No. 93-1628.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1993.
 
 Before: GUY and RYAN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Jack McLaurin, a pro se Michigan prisoner, appeals a grant of summary judgment to the defendants on his complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 McLaurin alleged that for two thirty day periods he was placed in physical restraints, consisting of shackles, handcuffs, bellychains, and a "black box," at all times that he was outside of his cell. According to McLaurin, these physical restraints constituted cruel and unusual punishment and a First Amendment violation as he was unable to effectively shower, exercise, or utilize the law library. The defendants, Gerald Hofbauer and John Jabe, respectively the Deputy Warden and the Warden of the State Prison of Southern Michigan, were sued in their individual and official capacities, and, for relief, McLaurin sought monetary damages and an injunction restraining the defendants from inflicting further abuse upon him.
 
 
 3
 The district court determined that neither McLaurin's Eighth Amendment nor his First Amendment rights had been violated.
 
 
 4
 On appeal, McLaurin argues that the district court committed error in determining that his Eighth Amendment rights were not violated. According to McLaurin, it was error for the district court to base its decision upon his alleged violations of prison rules as those alleged violations are not relevant to the Eighth Amendment inquiry. McLaurin also complains that, because the district court did not grant his motion for production of documents, he could not prove his case.
 
 
 5
 This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). The movant has the burden to show that the non-moving party has not established an essential element of his case upon which he would bear the ultimate burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party's burden may be discharged by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. Id. at 325. The non-moving party then has the burden of demonstrating that there is a genuine issue of material fact as to that essential element of his case. Id. at 324. He may not rest upon the pleadings, but must present "evidence on which the jury could reasonably find" in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
 
 
 6
 We are satisfied that McLaurin failed to establish an Eighth Amendment violation. The Eighth Amendment proscribes conduct that is obdurate and wanton. Whitley v. Albers, 475 U.S. 312, 319 (1986). The record indicates, and McLaurin does not dispute, that he was physically restrained based upon his disruptive behavior. McLaurin's certified health records include a psychological screening concluding that McLaurin, who was in administrative segregation, was "highly anti-social, impulsive, and acting out." The record also indicates, and McLaurin does not contest, that he was allowed to shower, exercise, and visit the law library, albeit without the same freedom of movement as enjoyed prior to his disruptive behavior. The evidence presented by McLaurin was insufficient to establish that the defendants acted with obduracy and wantonness.
 
 
 7
 As to the First Amendment claim, a prisoner's access to the courts must be "adequate, effective, and meaningful." Bounds v. Smith, 430 U.S. 817, 822 (1977). McLaurin did nothing to establish that his access to the courts had been constitutionally infringed. His complaint was no more than a complaint that he cannot use a typewriter. Moreover, McLaurin failed to allege or demonstrate any prejudice based upon his inability to personally use a typewriter, and, therefore, he failed to create a genuine issue of material fact. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 8
 Concerning McLaurin's request for production of documents, the record indicates that the request was not filed until after the magistrate judge's report and recommendation was filed and until more than one year after McLaurin filed his complaint. In that time, McLaurin was able to secure other prison documents, and there is no indication that he could not have secured the documents requested through the same channels. Moreover, McLaurin simply makes a conclusory allegation that, because his request was not granted, he could not prove his claims. We are satisfied there was no error.
 
 
 9
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.